UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CR-72 |
| | ) | |
| EDMUND KYLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is the Court on the Motion to Suppress (Docket No. 12) filed by the Defendant, Edmund Kyle. Oral argument was heard on this motion in South Bend, Indiana on November 21, 2006. Joint Exhibit 1, a DVD of the arrest, Government's Exhibit 2, a transcript of the 911 call, and Government's Exhibit 2a, the actual taped recording of the 911 call, were admitted into evidence. This Court has given close attention to the opinions in *Florida v. J.L.*, 529 U.S. 266, 120, S.Ct. 1375, 146 L.Ed.2d 254 (2000) as well as *United States v. Drake*, 456 F.3d 771 (7th Cir. 2006). As mentioned in the November 21, 2006 proceeding, this Court is impressed with the concurring opinion of Justice Kennedy in *Florida v. J.L.* and believes that the Seventh Circuit's opinion in *Drake* is actually contemplated by that concurring opinion. For the following reasons, Kyle's Motion toSsuppress is DENIED.

### I. Factual Background

On May 16, 2006, South Bend Police officers were dispatched to 2910 Fredrickson Street in South Bend, Indiana after an anonymous 911 caller reported an armed disturbance at that location. Upon their arrival in the vicinity of 2910 Fredrickson Street, the officers observed two black males standing in the street near a Silver Impala matching the description provided by the

911 caller.  The officers ordered the men to place their hands in the air, an order immediately followed by Kyle.  Larry Cole, the other male, leaned inside the Impala before placing his hands in the air.  Michael Phillips, the third black male, exited another vehicle and was also ordered to place his hands in the air.  Officers placed each of the three men – Kyle, Cole, and Phillips – in hand restraints.  While being handcuffed, Kyle informed the officer that he had a handgun on his right hip.  The officer located the handgun and 2.7 grams of marijuana and removed it from Kyle's person.  Specifically, the officers found a Taurus, Millennium, .40 caliber with 11 rounds of Cor-Bon ammunition.

## II.  Discussion

The Defendant contends that the police officers "lacked authority to make the initial stop based solely on the information they had been provided by the anonymous tip."  Defendant's Motion at 3.  In other words, the Defendant argues that he was stopped by police without probable cause or reasonable suspicion.  The Defendant relies on the Supreme Court decision in *Florida v. J.L.*, which held that an anonymous tip that a person is carrying a gun is not, alone, sufficient to justify a police officer's stop and frisk of that person.  The Defendant also argues that the present case is distinguishable from the recent Seventh Circuit opinion in *Drake* because, according to the Defendant, the "on going emergency" situation in *Drake* does not apply to this case.  Defendant's Motion at 3.  This Court respectfully disagrees.

The factual setting here is significantly different than in *Florida v. J.L.,* and the facts in this case fit very closely with those in *Drake*.  In *Florida v. J.L.*, police received an anonymous tip that "a young black male standing at a particular bus stop and wearing a plaid shirt was carrying a gun."  529 U.S. at 268.  When officers arrived, they did not see a firearm and J.L.

2

made no threatening or otherwise unusual movements.  *Id.*  The Supreme Court stated, "[u]nlike a tip from a known informant whose reputation can bee assessed an can be held responsible if her allegations turn out to be fabricated . . . an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity."  *Id*. at 270 (internal citations and quotation marks omitted).  The Court went on to state, however, that "there are situations in which an anonymous tip, suitably corroborated, exhibits 'sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.'" *Id*. (quoting *Alabama v. White*, 496 U.S. 325, 327 (1990)).

In *Drake*, the 911 caller reported a situation in which two groups
In *Drake*, the Seventh Circuit held that an eyewitness's 911 call reporting an ongoing emergency was presumed reasonable for purposes of establishing reasonable suspicion.  456 F.3d at 774-75.  There, the Court held, "[W]e recognize the particular duty of police officers to speedily respond to emergency situations reported by individuals through the 911 system . . . Requiring further indicia of reliability would only jeopardize the usefulness of the 911 system and the ability of officers to prevent further danger to the public."  *Id.*

Here, the 911 caller reported an emergency situation presented by an armed disturbance that was occurring across the street from her.  While she did not identify herself by name, she did provide identifying information by stating where she was located in relation to the incident.  The 911 caller was reporting an ongoing emergency of an armed disturbance; the officers were entitled to presume that the caller's information was reliable without further corroboration.  Nevertheless, the information provided by the 911 caller was confirmed by police officers upon arriving on the scene.  Officers observed Kyle and Cole standing by a silver Impala that matched

3

the description provided in the 911 call and observed Cole appear to drop an item into the Impala prior to complying with the officers' command that he place his hands in the air.  The combination of the 911 call, dispatch, and the officer's own observations provided officers with reasonable suspicion and, thus, a reasonable basis for conducting the frisk of Kyle.  *Drake*, 456 F.3d at 774; *United States v. Askew*, 403 F.3d 496 (7th Cir. 2005).

### III.  Conclusion

Based on the foregoing, Kyle's Motion to Suppress is **DENIED**.

**SO ORDERED.**

**DATED:  November 22, 2006**

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**